UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MICHIGAN DEPARTMENT OF ENVIRONMENT,
GREAT LAKES, AND ENERGY; and MICHIGAN
DEPARTMENT OF NATURAL RESOURCES,

   Plaintiffs,

v.

STS HYDROPOWER, LLC; and EAGLE CREEK
RENEWABLE ENERGY, LLC,

   Defendants.

Case No.

Hon.

**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

PLEASE TAKE NOTICE that Defendants STS Hydropower, LLC ("STS Hydropower") and Eagle Creek Renewable Energy, LLC, ("Eagle Creek"), by their undersigned counsel, hereby remove to this Court the state court action described below:

**I.   INTRODUCTION**

1. On March 1, 2022, an action was commenced in the Circuit Court for the 30th Judicial Circuit of Ingham County, Michigan, entitled, *Michigan Department of Environment, Great Lakes, and Energy; and Michigan Department of Natural Resources v. STS Hydropower, LLC; and Eagle Creek Renewable Energy, LLC*, Case No. 22-0150-CE (the "State Action"). A copy of the state court Complaint is attached as **Exhibit A**.

2. The State Action consists of a multi-count Complaint seeking monetary and equitable relief, and asserting against Defendants claims of conversion, public nuisance, and violations of environmental statutes.

3. Plaintiffs served copies of the Complaint and Summons initiating such action to Defendants, effectuating service of process on March 3, 2022, consistent with Michigan Court

Rules 1.109(G)(6)(a)(i) and 2.107(C)(1).  Because this Notice of Removal is filed within 30 days of filing and Defendants' receipts of the Complaint, it is timely.  28 U.S.C. § 1446(b).

4. This Court has original jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

5. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Western District of Michigan is the federal district in which the State Action is pending.  In addition, the United States District Court for the Western District of Michigan is the proper venue pursuant to 28 U.S.C. § 1441(a) because Ingham County, Michigan, where the Honorable Clinton Canady III sits, is located within the Western District of Michigan, Southern Division.  *See* 28 U.S.C. § 102(b)(1); Local Civil Rule 3.2(a).[1]

## II.   REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

6. The basis for removal is federal question jurisdiction pursuant to 28 U.S.C. § 1331 because: (i) the state law claims alleged in the Complaint necessarily raise federal issues; (ii) the federal issues are actually in dispute; (iii) the federal issues are substantial, and their resolution will affect the disposition of Plaintiffs' state law claims; and (iv) this Court is capable of reaching a resolution without disrupting the federal-state balance approved by Congress.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-314, 319; 125 S. Ct. 2363 (2005); *Michigan Elec. Transmission Co. v. Midland Cogeneration Venture, Ltd. P'ship*, 737 F. Supp. 2d 715, 739 (E.D. Mich. 2010); *Michigan Dep't of Env't, Great Lakes, & Energy v. Mueller*,

---

[1] *See* Ingham County, *30th Judicial Circuit Court*, <https://cc.ingham.org/courts_and_sheriff/circuit_court/index.php> and Ingham County, *30th Judicial Circuit Court, Judges, Honorable Clinton Canady III*, <https://cc.ingham.org/courts_and_sheriff/circuit_court/canady.php>.

No. 1:20-CV-528, 2020 WL 12698601 (W.D. Mich. June 15, 2020).

7. The State Action raises substantial federal questions regarding the ongoing regulation, administration, and management of the Morrow Dam by the Federal Energy Regulatory Commission ("FERC"), performed in accordance with the Federal Power Act ("FPA"). 16 U.S.C. § 797(e) (providing FERC with plenary authority over "constructing, operating, and maintaining dams, water conduits, reservoirs . . . necessary . . . for the development, transmission, and utilization of power across . . . any of the streams or other bodies of water over which Congress has jurisdiction . . . .").

8. In particular, the State Action concerns STS Hydropower's management of a drawdown performed in consultation with FERC in order to facilitate emergency repairs to the Morrow Dam "in the interest of dam safety and public safety." *See* December 23, 2019 STS Letter, attached as **Exhibit B** (explaining that "the situation required that [STS Hydropower] take immediate action in consultation with FERC and state agencies to begin the drawdown"). In the Complaint, Plaintiffs acknowledge that, in November 2017, FERC informed STS Hydropower of the need to repair the tainter gates at the Morrow Dam. *See* October 18, 2019 FERC Letter, p. 7, attached as **Exhibit C**; *see also* Compl. at ¶ 19. Following some initial repairs, STS Hydropower again inspected the gates in 2019. Ex. C, p. 7-8. On October 17, 2019, STS Hydropower informed FERC that it "had discovered damages to the trunnion arms on two tainter gates at the Morrow Dam Hydroelectric Project No. 9000." *See* August 5, 2020 FERC Letter to STS Hydropower, attached as **Exhibit D**; *see also* Compl. at ¶ 21. On October 31, 2019, STS Hydropower informed Plaintiffs that STS Hydropower would be conducting a drawdown of the Morrow Lake. *See* Compl. at ¶ 23.

9. FERC has regulated the Morrow Dam since 1985, when it awarded STS

Hydropower's predecessor STS Consultants, Ltd. an exemption to construct, operate, and maintain the hydroelectric facility. *See* July 26, 1985 FERC Order Granting Exemption, attached as **Exhibit E**.

10. To qualify for an exemption, a hydropower facility must have plans to construct a generation facility at the site of an existing dam, using for such generation the hydroelectric potential of such dam, and with an installed capacity that does not exceed ten megawatts. 16 U.S.C. § 2705(d), 2708(a)(1). Upon review of the facility's application, FERC consults with the United States Fish and Wildlife Service, National Marine Fisheries Service, and the relevant state agencies, pursuant to the Fish and Wildlife Coordination Act, 16 U.S.C. § 661, *et seq. Id.* at §§ 2705(d), 823a(b). In granting an exemption, FERC imposes conditions as required by these federal and state agencies and that FERC itself deems appropriate. *Id.* at §§ 2705(d), 823a(c). Following the issuance of an exemption, FERC retains oversight authority to investigate and enforce the terms and conditions included in the exemption, including those required by federal and state agencies. *Id.* at §§ 2705(d), 823a(c).

11. Because STS Hydropower continues to hold an exemption, *see* 16 U.S.C. § 2705(d), FERC exercises primary and exclusive jurisdiction over the Morrow Dam and the construction, operation, and maintenance of the exempted project. *See* Ex. E (July 26, 1985 FERC Order Granting Exemption, showing specific oversight responsibility of FERC and federal regulations cited); 18 C.F.R. § 4.106 (authorizing FERC to conduct investigations of allegations of non-compliance with the exemption terms and conditions under §§ 4(g), 306, 307, and 311 of the FPA and reserving the right to revoke the exemption, issue penalties, or take other enforcement action for violations of the exemption; requiring compliance with federal fish and wildlife agencies; providing for revocation or transfer of an exemption; subjecting exempt projects on

navigable waters to U.S. navigational servitude); 18 C.F.R. pt. 12 (providing for the safety of water power projects and project works); 16 U.S.C. § 817 (providing that "[n]o person may commence any significant modification of any project licensed under, or exempted from, this Act unless such modification is authorized in accordance with terms and conditions of such license or exemption and the applicable requirements of this Part."); Div. of Hydropower Admin. & Compliance, Fed. Energy Regulatory Comm'n 47 Compliance Handbook (2015) (providing the requirements for environmental inspections at exempted projects) (citing 18 C.F.R. § 4.106), attached as **Exhibit F**; *id.* at 9-13 (explaining that FERC will adjudicate any allegations of non-compliance with exemption terms and conditions); 18 C.F.R. § 4.104(b) (prescribing requirements, including consultation with state and federal resource agencies, for proposed amendments to the project as exempted or to terms and conditions in the exemption itself).

12. The State Action must be analyzed in terms of the operator's obligations under FERC and the FPA. *See California v. FERC*, 495 U.S. 490, 500, 110 S. Ct. 2024 (1990) (holding that "the FPA establishes a broad and paramount federal regulatory role"); *First Iowa Hydro-Elec. Co-op. v. Fed. Power Comm'n*, 328 U.S. 152, 164, 66 S. Ct. 906 (1946) (invalidating a state permit requirement that would have represented "a veto power over the federal project" that "could destroy the effectiveness of the federal act" and "subordinate to the control of the State the 'comprehensive' planning which the Act provides shall depend upon the judgment of the Federal Power Commission or other representatives of the Federal Government"); *Mueller*, 2020 WL 12698601 at *2 (holding that because the FPA "preempts state law where compliance with state law or regulation would frustrate compliance with the FPA or FERC . . . when a dam is FERC-licensed, FERC and the FPA set the duty of care for dam operation"); *Midland Cogeneration Venture, Ltd. P'ship*, 737 F. Supp. 2d at 739 (holding that a substantial federal question arises when

5

it is necessary to "examine and enforce" FERC-regulated entities and interpret FERC orders to resolve state-law claims); *Simmons v. Sabine River Authority Louisiana*, 732 F.3d 469, 476 (5th Cir. 2013) (emphasizing the "importance of a single federal agency controlling public water use and dam operations").

13. Because the FPA "anticipates federal jurisdiction, and cases regarding similar state law claims have likewise been removed to federal court," removing the State Action is "unlikely to significantly shift state law claims away from state courts." *Carrington v. City of Tacoma, Department of Public Utilities*, 276 F. Supp. 3d. 1035, 1042 (W.D. Wash. 2017); *see, e.g., Mueller*, 2020 WL 12698601 at *2 (denying motion to remand filed by Michigan Department of Environment, Great Lakes, and Energy and Michigan Department of Natural Resources); *Midland Cogeneration Venture, Ltd. P'ship*, 737 F. Supp. 2d at 739 (denying motion to remand filed by Michigan Electric Transmission Company).

14. Furthermore, Plaintiffs seek an order requiring Defendants to repair the Morrow Lake and Kalamazoo River ecosystem, which Plaintiffs estimate stretches approximately 30 miles. However, repairs to the Morrow Lake and Kalamazoo River are preempted by the United States Army Corps of Engineers' authority. Section 10 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. § 403, provides that, "it shall not be lawful to excavate or fill, or in any manner to alter or modify the . . . condition, or capacity of, any . . . canal, lake, harbor or refuge, or inclosure within the limits of . . . any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of the Army prior to beginning the same." Because the Kalamazoo River is a navigable water of the United States, *see* U.S. Army Corp of Engineers Navigable Waters List, attached as **Exhibit G**, STS Hydropower would not be able to complete repairs without the recommendation by the Chief of Engineers and

authorization by the Secretary of the Army. *See also* 33 C.F.R. § 320.2(b); 33 C.F.R. § 322.3. Removing the State Action is accordingly appropriate because federal question exists when approval by a federal agency is required. *See One & Ken Valley Hous. Grp. v. Maine State Hous. Auth.*, 716 F.3d 218, 224 (1st Cir. 2013) (finding federal question jurisdiction when federal agency's approval was required); *see also Price v. Pierce*, 823 F.2d 1114, 1120 (7th Cir. 1987) (same); *see generally* 33 C.F.R. 328.

15. The Court has supplemental jurisdiction over the remaining claims because the state claims for conversion and nuisance, which arise from the drawdown, "are so related to claims in the action with such original jurisdiction that they form part of the same claim or controversy," 28 U.S.C. § 1367(a), and "derive from a common nucleus of operative fact[.]" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165, 118 S. Ct. 523 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. C. 1130 (1966)). *See also Blakely v. U.S.*, 276 F.3d 853, 861 (6th Cir. 2002).

16. No admission of fact, law, or liability is intended by this Notice of Removal, and Defendants reserve all defenses, affirmative defenses, and motions.

17. Defendants reserve the right to supplement this Notice of Removal or present additional arguments in support.

18. Today, March 23, 2022, Defendants will file a true and complete copy of this Notice with the Clerk of the Circuit Court for the 30th Judicial Circuit of Ingham County, Michigan and will provide a written notice electronically via the ECF system to Plaintiffs' counsel as required by 28 U.S.C. § 1446(d) and via email and U.S. Mail.

WHEREFORE, Defendants STS Hydropower, LLC and Eagle Creek Renewable Energy, LLC respectfully request that the State Action now pending in the 30th Judicial Circuit of Ingham

County, Michigan as Case No. 2022-0150-CE be removed to the United States District Court for the Western District of Michigan, Southern Division.

Respectfully submitted,

HONIGMAN LLP
*Attorneys for Defendants*

By: *s/ Peter B. Ruddell*
Peter B. Ruddell (P63253)
Gabriel E. Bedoya (P80839)
Jonathan N. Ajlouny (P82030)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7000
pruddell@honigman.com
gbedoya@honigman.com
jajlouny@honigman.com

Dated: March 23, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2022, I electronically filed a copy of the foregoing paper(s) with the Clerk of the Court using the CM/ECF system and served same via email and U.S. Mail on counsel of record for Plaintiffs.

                                        Respectfully submitted,

                                        HONIGMAN LLP
                                        *Attorneys for Defendants*

                                        By: *s/ Peter B. Ruddell*
                                        Peter B. Ruddell (P63253)
                                        Gabriel E. Bedoya (P80839)
                                        Jonathan N. Ajlouny (P82030)
                                        Honigman LLP
                                        2290 First National Building
                                        660 Woodward Avenue
                                        Detroit, MI 48226-3506
                                        (313) 465-7000
                                        pruddell@honigman.com
                                        gbedoya@honigman.com
                                        jajlouny@honigman.com

Dated: March 23, 2022